UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KARRIE MULLIKIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:13-cv-01123-JMS-DKL |
| FIRST ASSET RECOVERY GROUP, LLC, | ) ) |
| Defendant. | ) |

## **ENTRY ON PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT**

Presently pending before the Court is Plaintiff's Motion for Clerk's Entry of Default. [Filing No. 15.] Plaintiff moves for entry of clerk's default against Defendant First Asset Recovery Group, LLC ("First Asset") pursuant to Federal Rule of Civil Procedure 55(a), arguing that First Asset was timely served but has failed to appear or answer in this action. [Filing No. 15.] Based on the current record, however, it is not clear to the Court whether First Asset was properly served.

Federal Rule of Civil Procedure 4(h)(1)(B) provides, in relevant part, that a partnership can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process **and**—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."[1] (Emphasis added). Plaintiff represents that a copy of the Complaint, Notice of Lawsuit, and Summons "was served upon Tanisha Dacosta, Director of Operations for [First Asset], and Registered Agent able to accept service of process

---

[1] A plaintiff can also serve a partnership by serving a general partner thereof, Fed. R. Civ. Pro. 4(h)(1)(A) (incorporating Ind. R. of Trial Proc. 4.6(A)(2)), but Plaintiff does not allege that the individual it served is a general partner of First Asset.

for [First Asset], at 2578 Niagra Falls Blvd., 4A, Wheatfield, NY 14304." [Filing No. 15.] Plaintiff does not address the second requirement of Rule 4(h)(1)(B), particularly whether it also mailed a copy to First Asset and, if not, why it was not required to do so.

Accordingly, the Court **ORDERS** Plaintiff to file a supplement to its Motion for Clerk's Entry of Default by **April 21, 2014**, with citations to relevant authority demonstrating that service of First Asset was adequate under the Federal Rules.

Distribution:

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com